pay the rates paid by all vessels not so employed. Let a decree be entered for the amount claimed and costs.

## Case No. 16,918.

### VERMONT & C. R. CO. v. VERMONT CENT. R. CO.

[Cited in Atkins v. Petersburg R. Co., Case No. 604. See 50 Vt. 500.]

## Case No. 16,919.

### VERMONT v. SOCIETY FOR THE PROPAGATION OF THE GOSPEL.

[1 Paine, 652.][1]

Circuit Court, D. Vermont. Oct. Term, 1826.

FORFEITURE OF LAND GRANTS — CORPORATIONS — SCIRE FACIAS—CONDITIONS OF GRANT—NOMINAL RENT—PLEADING.

1. The king of Great Britain granted a charter of a town in that part of the province of New-Hampshire. which is now Vermont, to be divided among the grantees, and to be held on certain conditions mentioned in the charter. The defendants, who were one of the grantees, were a society in England incorporated by a charter from the king. A scire facias was issued on behalf of the plaintiffs, requiring the defendants to show cause why a forfeiture of their right to the lands had not been incurred, and assigning as grounds of forfeiture a non-performance of the conditions on which the lands were held, and violations of their charter of incorporation. On demurrer to the scire facias, held, that such violations of their charter of incorporation could not be thus collaterally drawn in question, but that it should be vacated by some direct proceeding for the purpose.

[Cited in Southern Pac. R. Co. v. Orton, Case No. 13,188a.]

2. Among the conditions of the grant were, that the grantees, their heirs and assigns, should pay rent and cultivate a certain portion of the land. Held, that no reasons of public policy exempted the defendants from the performance of these conditions, and that they were within their letter and spirit.

3. Each grantee was to pay annually for the first ten years, an ear of corn, rent for his share of the land, if lawfully demanded. Held, that this was a mere nominal rent. and its non-payment not a ground of forfeiture, and that the breach of the condition was ill assigned, as there was no averment that it had been lawfully demanded.

4. After the first ten years a rent of one shilling for every hundred acres was to be paid annually to the grantor, in his council chamber in Portsmouth, or to such officer as should be appointed to receive the same. Held, that payment at the place appointed had been rendered impossible by the separation of the countries, and that the plaintiffs should have averred that they had appointed another place of payment or an officer to receive the payment, and that notice thereof had been given to the defendants.

5. There was no declaration, but the writ of scire facias was demurred to. Held, that the legal effect was the same as if the demurrer had been to the declaration, and the same judgment was ordered to be entered.

T. Hutchinson, for plaintiffs.
J. H. Hubbard, for defendants.

[1] [Reported by Elijah Paine, Jr., Esq.]
28 FED. CAS.—73

THOMPSON, Circuit Justice. This case comes before the court on a general demurrer to a scire facias issued in behalf of the state of Vermont, calling upon "The Society for Propagating the Gospel in Foreign Parts," to show cause why a forfeiture of their right to all the lands claimed in the town of Berlin, in said state, should not be incurred. The scire facias recites, that on the 8th day of June, in the year 1763, Benning Wentworth, governor of the province of New-Hampshire, then being one of the colonies of Great Britain, claimed to hold jurisdiction, and the right to make grants and charters of land over the whole territory now contained within the state of Vermont. And that on the said 8th day of June, George the Third, then king of Great Britain, by the said Benning Wentworth, made a grant and charter of the said town of Berlin (particularly describing the boundaries thereof) to the subjects of the said king of Great Britain, then inhabitants of the province of New-Hampshire, and other governments, and to their heirs and assigns for ever, whose names were entered on the said grant, to be divided to and among them into seventy equal shares, and that among the grantees aforesaid entered upon the said grant, was the incorporated Society for the Propagation of the Gospel in Foreign Parts, to which society was granted in and by said grant one whole share, consisting of one seventieth part of said township. That to the grant and charter were annexed, as a part thereof, sundry conditions upon which the grantees took and held the estate, and upon the performance of which only have they a right to hold the premises contained in said grant. These conditions are set out as follows: That every grantee, his heirs or assigns, should plant and cultivate five acres of land, within the term of five years from the making of said grant, for every fifty acres contained in his or their share or proportion of land in said township, and continue to improve and settle the same, by additional cultivations, on the penalty of forfeiture of his grant or share in said township, and of its reverting to the grantor, his heirs and successors, to be regranted to such of their subjects as should effectually settle and cultivate the same. That each grantee should pay to the grantor, his heirs and successors, the rent of one ear of Indian corn only for the space of ten years, on the 25th day of December annually, if lawfully demanded. That every proprietor, settler, or inhabitant, should yield and pay to the said grantor, his heirs and successors, yearly and every year for ever, from and after the expiration of ten years, viz. from the 25th day of December, 1773, one shilling, proclamation money, for every hundred acres he so owns, settles, or possesses, and so in proportion for a greater or less tract, to be paid in the council chamber of said grantor in said Portsmouth, or to such officer or officers as should be appointed to receive the same: To be in lieu of all other rents and services whatever. The charter or grant,